## CIRCUIT COURT OF FAIRFAX COUNTY

Sovran Bank/Maryland

    v.

Herbert M. Luksch

April 9, 1990

Case No. (Law) 94575

By JUDGE MICHAEL P. McWEENY

    This matter comes before the Court upon Defendant's Motion to Set Aside an Order of Confession of Judgment entered December 18, 1889. Following oral argument, the Court requested briefs from counsel and took the matter under advisement.

    Defendant's Motion claims the judgment is invalid because it is based upon powers of attorney not in compliance with statutory requirements. Defendant's second argument makes reference to his letter of September 29, 1988, advising plaintiff Sovran Bank/Maryland that he was unwilling to guarantee any further indebtedness because of intra-partnership litigation. Defendant asserts this letter is in effect an exculpatory clause, and as such, the judgment is unenforceable against him. Defendant's final argument states, in the alternative, that defenses of breach of good faith duty and unreasonable attorneys' fees are adequate against the guarantee upon which plaintiff's judgment was confessed.

    The procedure for an attorney-in-fact to confess judgment on behalf of a debtor is set forth in §§ 8.01-432, 8.01-435, and 8.01-441. Under § 8.01-432 "any attorney-in-fact *pursuant to a power of attorney*" may confess judgment on behalf of a debtor. Section 8.01-441 clearly states: "No judgment confessed . . . by virtue of a power of

attorney shall be valid unless such power of attorney be in conformity with the provisions of this article."

In the case at bar, the judgment against Herbert M. Luksch has been confessed by an attorney-in-fact designated in the Loan Guaranty executed by Herbert M. Luksch and Michael Gordon on July 17, 1986. Section 8.01-435 states that only "the debtor himself or his duly constituted attorney-in-fact, acting under and by virtue of a power of attorney duly executed *and acknowledged by him as deeds are required to be acknowledged, before any officer or person authorized to take acknowledgments of writings to be recorded in this Commonwealth . . . .*" may confess judgment. The Loan Guaranty has no such acknowledgment.

It must be noted that § 8.01-435 contains an exception to the acknowledgment requirement in the event the power of attorney is "incorporated in, and made a party of, any note or bond . . . ." The Loan Guaranty is not a note or bond, nor is it a part of the Variable Balance Promissory Note. Unlike the later First Modification of Promissory Note, it has different obligors and contains specific language making it clear it is to be treated as creating a separate cause of action.

The Court finds the Confession of Judgment Order against Herbert M. Luksch, dated December 18, 1989, to be invalid for failure to comply with the provisions of Sections 8.01-435 and 8.01-441 and grants the defendant's Motion to Set Aside Confession of Judgment. As the Motion has been granted, the remaining issues are moot and will not be addressed.